This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38027**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CRISTOBAL GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals following his convictions for aggravated battery on a household member and criminal damage to property of a household member. We issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The relevant background information has previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}**     Defendant continues to contend that the district court erred in admitting evidence that he was not taking his medications for PTSD, social anxiety, panic attacks, and bipolar disorder on the day of the incident forming the basis for his convictions. [MIO 3] He argues that this evidence was irrelevant and unduly prejudicial in the absence of elucidating expert medical testimony. [MIO 1, 4-10]

**{4}**     We review evidentiary rulings for abuse of discretion. *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. In this case, we perceive none.

**{5}**     As we previously described in the notice of proposed summary disposition, [CN 3-4] the district court reasonably concluded that Defendant's failure to take his medications on the date in question was relevant, insofar as it made a fact of consequence (i.e., his mental state and apparently uncontrolled behavior) more likely. *See, e.g.*, *State v. Maples*, 2013-NMCA-052, ¶¶ 22, 27, 300 P.3d 749 (holding that evidence of erratic and apparently uncontrollable behavior was admissible to corroborate a version of the events relevant to an assaultive episode). We decline Defendant's invitation to depart from *Maples* in favor of out-of-state authority. [MIO 4-5] Although Defendant contends that the State should have been required to present expert testimony to establish the effect of Defendant's failure to take his medications, we remain of the opinion that this is within the realm of reasonable inference, based upon common knowledge and experience. *See, e.g.*, *Martinez v. N.M. State Eng'r Office*, 2000-NMCA-074, ¶¶ 4, 34, 129 N.M. 413, 9 P.3d 657 (holding that "although there was no medical testimony presented at the hearing," the fact-finder could reasonably have determined that a party's failure to take his medication for bipolar disorder led to uncontrolled behavior). *See State v. Privett*, 1986-NMSC-025, ¶ 20, 104 N.M. 79, 717 P.2d 55 (recognizing that lay jurors are capable of drawing inferences within their common knowledge and experience).  We decline Defendant's invitation to limit or depart from the cited authorities. [MIO 6] We similarly conclude that the district court was within its discretion in determining that the probative value of the evidence outweighed its prejudicial effect. *See State v. Apodaca*, 1994-NMSC-121, ¶ 23, 118 N.M. 762, 887 P.2d 756 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)); *State v. Chamberlain*, 1991-NMSC-094, ¶ 9, 112 N.M. 723, 819 P.2d 673 ("The trial court is vested with great discretion in applying Rule [11]-403 [NMRA], and it will not be reversed absent an abuse of that discretion.").

**{6}**     Finally, we observe that any evidentiary error appears to have been harmless. *See State v. Leyba*, 2012-NMSC-037, ¶ 24, 289 P.3d 1215 (describing the standard and factors relevant to non-constitutional harmless error review). As we previously observed, [CN 5-6] the record before us reflects that the State presented compelling

and largely uncontradicted testimonial, photographic, and physical evidence in support of its case. [MIO 2; RP 26-27, 60, 99] Defendant does not meaningfully dispute this. [MIO 9-10] Because we see no reasonable probability that the disputed evidence affected the verdicts, we reject Defendant's assertion of reversible error.

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**M. MONICA ZAMORA, Judge**